## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RESOURCE STRATEGIES, LLC,                )
on behalf of itself and others similarly      )
situated, *et al.*,                              )
                                             )
      Plaintiffs,                        )
                                             )
v.                                           )     **CIV. ACT. NO. 1:22-cv-126-TFM-N**
                                             )
ESCAMBIA OPERATING CO., LLC,          )
*et al.*,                                      )
                                             )
      Defendants.                        )

## <u>MEMORANDUM OPINION & ORDER</u>

Pending before the Court are various motions to dismiss filed by Defendants (Docs. 31, 32, 33, 34, filed 6/17/22).  Plaintiffs filed a consolidated response and Defendants filed a consolidated reply.  Docs. 35, 38.  Pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7), all Defendants move the Court to dismiss the claims brought against them by Plaintiffs.   Additionally, pursuant to Fed. R. Civ. P. 12(b)(4) and (5) Defendants Blue Diamond Energy Inc. ("Blue Diamond") and Thomas Swarek ("Swarek") move the Court to dismiss the claims brought against them by Plaintiffs.  Having considered the motions, responses, replies, and relevant law, the Court finds the motions to dismiss are due to be **GRANTED** in part and **DENIED** in part, as discussed below.

### I.    PROCEDURAL BACKGROUND

On March 24, 2022, on behalf of themselves and others similarly situated, Plaintiffs Resource Strategies, LLC ("Resource Strategies"), ATIC Limited Partnership ("ATIC"), and Briguna, LLC ("Briguna") (collectively, "Plaintiffs") filed their original Complaint.  Doc. 1.  On April 29, 2022, pursuant to the Court's order, Plaintiffs filed their Amended Complaint.  Doc. 29.  Plaintiffs' Amended Complaint asserts various claims on behalf of the various classes and sub-

classes,[1] including: breach of contract (Counts 1 and 2),[2] declaratory judgment (Count 3),[3] accounting (Count 4),[4] unjust enrichment (Count 5),[5] conversion (Count 6),[6] violation of Ala. Code §§ 9-17-2 and 9-17-11 (Count 7),[7] violation of Ala. Code § 9-17-33 (Count 8),[8] injunction (Count 9),[9] and removal of operator (Count 10).[10]

On June 17, 2022, Blue Diamond, Swarek, Escambia Operating Co., LLC ("Escambia Operating"), and Escambia Asset Co., LLC ("Escambia Asset") (collectively, "Defendants") filed the instant motions to dismiss.  Docs. 31, 32, 33, 34.  Plaintiffs timely filed their consolidated response, and Defendants timely filed a consolidated reply.  Docs. 35, 38.  The motions to dismiss are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.    STANDARD OF REVIEW

### A.  Fed. R. Civ. P. 12(b)(1)

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th

---

[1] The classes and subclasses asserted by Plaintiffs are as follows: the Working Interest Owner Class, comprised of all working interest owners except Escambia Asset that own or owned working interests in the Subject Wells or in the BED Plant since April 1, 2021; the Take-in-Kind Subclass, a subclass of working interest owners comprised of all former take-in-kind owners, except Escambia Asset, that were allegedly denied their right to take-in-kind their full share of production from the BEC Plant; the Royalty Interest Owner Class, comprised of all royalty interest owners in the Subject Wells; the Overriding Royalty Interest Owner Class, comprised of all overriding royalty interest owners.

[2] Count 1 is brought by all classes, except the Subclass, against Escambia Operating and Swarek. Count 2 is brought by the Subclass against Escambia Operating and Swarek.

[3] Count 3 is brought by all classes and the Subclass against Escambia Operating.

[4] Count 4 is brought by all classes and the Subclass against all Defendants.

[5] Count 5 is brought by all classes and the Subclass against all Defendants.

[6] Count 6 is brought by the Subclass against all Defendants.

[7] Count 7 is brought by all classes and the Subclass against all Defendants.

[8] Count 8 is brought by all classes and the Subclass against all Defendants.

[9] Count 9 is brought by all classes and the Subclass against all Defendants.

[10] Count 10 is brought by all classes and the Subclass against Escambia Operating.

Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000). The burden of proof for a Fed. R. Civ. P. 12(b)(1) is on the party averring jurisdiction. *Gilmore*, 124 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review. The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F.

App'x 599, 602 (11th Cir. 2015).[11]  Exhibits attached to the complaint are considered part of the complaint for all purposes.  *Id.*  Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed.  *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings."  *Morrison*, 323 F.3d at 925.  On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56."  *Lawrence*, 919 F.2d at 1529 (citations and internal quotation marks omitted).  Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits."  *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*].  "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations."  *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating the same).  In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction."  *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action."  *Lawrence*, 919 F.2d at 1529.  The Eleventh Circuit

---

[11] In this Circuit "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 12264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

has specifically cautioned district courts "should only rely on [Fed. R. Civ. P. 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's causes of action*." *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation marks omitted) (emphasis in original).

**B.  Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556, 127 S. Ct. [at] 1955.").  Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in

the light most favorable to the plaintiff.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).  Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss.  *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss).  "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'"  *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## C.  Fed. R. Civ. P. 12(b)(7)

Under Fed. R. Civ. P. 12(b)(7), a defendant may move to dismiss a complaint "for failure to join a party under Rule 19."  *See* FED. R. CIV. P. 12(b)(7). "District courts addressing a motion to dismiss under Rule 12(b)(7) and Rule 19 undergo a two-step inquiry." *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1303 (N.D. Ala. 2016).  Step one "is deciding whether the absent party is a 'required party' within the meaning of Rule 19." *Id.*  (citing *Molinos Valle del Ciabo v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)).  "If the absent party is 'required' and can be joined, then 'the court must order that person be made a party.'" *Id.* (quoting FED. R. CIV. P. 19(a)(2)). "[I]f the absent party is 'required' but cannot be joined," then in step two "the court must consider if, 'in equity and good conscience, the action should proceed among the existing parties or should

be dismissed." *Id.* (quoting FED. R. CIV. P. 19(b)).  The court considers the following factors in making such a decision:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

FED. R. CIV. P. 19(b).  "The court may look not only at the pleadings but also at evidence that the parties present." *Id.* (citing *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5 (5th Cir. 1956)).

**D.  Fed. R. Civ. P. 12(b)(4) and (5)**

Under Fed. R. Civ. P. 12(b)(4) and (5), a complaint may be dismissed for either insufficient process or insufficient service of process.  *See* FED. R. CIV. P. 12(b)(4)-(5).  A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process, respectively.  Service of process is required to invoke the court's personal jurisdiction over a defendant; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. The plaintiff bears the burden of showing that the defendant was properly served under Fed. R. Civ. P. Rule 4.  *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fᴇᴅ. R. Cɪᴠ. P. 4(m).

## III.    DISCUSSION AND ANALYSIS

Because Defendants' arguments are similar and presented in the same order in their separate motions to dismiss, the Court will address their arguments in the order presented in their briefs, with Blue Diamond and Swarek's additional Rule 12(b)(4) and (5) arguments to follow at the end.

**A. All of Plaintiffs' claims are due to be dismissed against all Defendants due to lack of subject matter jurisdiction.**

All Defendants argue in their respective motions to dismiss that all counts asserted against them, respectively, should be dismissed because the action cannot be certified as a class action for a number of reasons, and therefore the court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), district courts have original subject matter jurisdiction over class claims where (1) the amount in controversy is in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs; (2) the total number of member of all plaintiff classes is, in the aggregate, at least 100; and (3) any member of a class of plaintiffs is a citizen of a state diverse from any defendant.  28 U.S.C § 1332(d).

Defendants do not address the three prerequisites to the CAFA in any of their respective motions to dismiss.  Rather, Defendants base their arguments on the requirements for class certification and argue that Plaintiffs' proposed classes do not meet the class certification requirements set forth in Fed. R. Civ. P. 23(a) or (b).  At this stage, the Court has not yet reached the question of class certification and Plaintiffs have not yet moved for class certification pursuant to Rule 23(c).  This case is solely at the pleading stage.

When evaluating whether the issue of class certification may be decided on a motion to dismiss, the Eleventh Circuit has held "precedent … counsels that the parties' pleadings alone are often not sufficient to establish whether a class may be certified, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982)). Class certification "usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential." *Herrera v. JFK Med. Ctr., L.P.*, 648 Fed. App'x 930, 934 (11th Cir. 2016). "If a complaint plausibly alleges that class certification is appropriate, the district court should hold an evidentiary hearing or permit discovery to ascertain the propriety of certifying the proposed class." *King v. UA Local 91*, Civ. Act. No. 2:19-CV-01115-KOB, 2020 U.S. Dist. LEXIS 123969, at *20, 2020 WL 4003019 (N.D. Ala. July 15, 2020) (citing *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973)). On the other hand, "if a complaint facially fails to plausibly allege the necessary elements of class certification, pursuing class-related discovery is unnecessary." *Id.* at *21 (citing *Bohannan v. Innovak Int'l*, 318 F.R.D. 525, 529 (M.D. Ala. 2016) ("[N]othing in Rule 23 precludes the consideration of class certification issues in the context of a motion to dismiss. [. . .] The relevant inquiry here is whether the allegations are sufficient to plausibly support the existence of an ascertainable class.")).

Additionally, the Eleventh Circuit found that evidentiary hearings are generally necessary when the parties disagree over basic facts. *Mills*, 511 F.3d at 1311 (holding that the district court should not have denied class certification pursuant to a motion to dismiss in large part because

"the vastly differing claims of the parties" in the pleadings demonstrated the need for limited discovery).

Here, taking the allegations in the Complaint as true, Plaintiff plausibly alleges that class certification may be appropriate. *See* Doc. 29. Further, there is a demonstrated need for limited discovery on class certification because it is evident from the pleadings that the parties have different accounts over the basic facts. *See Mills*, 511 F.3d at 1311. Accordingly, Defendants motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

**B.  Plaintiffs' claims are due to be dismissed against all Defendants for failure to state a claim upon which relief can be granted.**

All Defendants argue in their motions to dismiss that several counts asserted against them, respectively, should be dismissed because Plaintiffs fail to state a claim upon which relief can be granted. Various arguments apply to various counts, and the Court addresses each argument in turn.

i.   <u>**Counts 1, 2, 3, 7, 8, 9, and 10 should be dismissed because Plaintiffs were required to first exhaust administrative remedies before the Alabama Oil and Gas Board ("OGB") and they failed to do so.**</u>

Defendants first argue that the complaint fails to state a claim upon which relief can be granted because Plaintiffs failed to exhaust their administrative remedies with the OGB. However, in making this argument Defendants do not cite to a single legal authority which requires Plaintiffs to exhaust administrative remedies with the OGB before filing suit. Counts 1 and 2 are breach of contract claims and Count 3 is a claim for declaratory judgment that stems from the breach of contracts claims. *See* Doc. 29 at 24-28. Defendants do not cite any legal authority that grants the OGB jurisdiction to adjudicate a contract dispute between private parties.

Further, with respect to Counts 7 and 8, the legislature has expressly provided:

> Nothing contained or authorized in this article and no civil action by or against the board and no penalties imposed or claimed against any person for violating any provision of this article or any rule, regulation or order issued under this article and no forfeiture shall impair or abridge or delay any cause of action for damages which any person may have or assert against any person violating any provision of this article or any rule, regulation, or order issued under this article. Any person so damaged by the violation may institute a civil action for and recover such damages as he may show that he is entitled to receive.

ALA. CODE § 9-17-19(a); *see also Matthews v. Ankor Energy*, LLC, Civ. Act. No. 17-062-CCG-B, 2018 U.S. Dist. LEXIS 136168, 2018 WL 3832851, at *10-11 (S.D. Ala. August 13, 2018) (finding that the Defendant's motion to dismiss based on failure to exhaust administrative remedies should be denied). In *Matthews*, the court specifically held that, in light of the express mandate provided in Ala. Code § 9-17-19, "dismissal based on lack of exhaustion should be denied." *Matthews*, 2018 U.S. Dist. LEXIS 136168, 2018 WL 3832851, at *11. Though not binding on this Court, the undersigned finds the analysis compelling and persuasive.

As for Counts 9 and 10, Defendants argue that Plaintiffs must first exhaust their administrative remedies with OGB because "OGB is the only entity with the authority to appoint, approve, and remove an Operator." Doc. 32 at 15. However, in Count 9, Plaintiffs only request injunctive relief enjoining Escambia Operating "from their continued refusal to distribute proceeds as required by contract and law." Doc. 29 at 35. Thus, Count 9 is rooted in contractual rights and, as previously noted, Defendants do not cite any legal authority that grants the OGB jurisdiction to adjudicate a contract dispute between private parties.

In Count 10, Plaintiffs seek the removal of Escambia Operating as the operator of the subject wells and BED plant. Doc. 29 at 36. Further, Plaintiffs request that Escambia Operating be replaced with a qualified replacement operator, or in the alternative, the Court appoint a qualified receiver to take over operations. *Id.* at 37. The Alabama Code defines an "Operator" as "[t]he person who is authorized **by the board** to operate an oil, gas, or Class II injection well, or

production facility, or processing facility . . ." ALA. CODE § 9-17-1 (emphasis added).  Thus, the state legislature explicitly granted the authority to appoint an operator to the OGB.  Since the authority to appoint an operator belongs to OGB, this Court cannot grant the relief requested by Plaintiffs with respect to Count 10 without OGB joined as party.  However, as noted later in this Opinion, OGB can be joined under Rule 19.  Accordingly, dismissal of Count 10 is not proper under Rule 12(b)(6) because the Plaintiffs are ordered to join OGB as a party, as set out later in this opinion, and with OGB joined as a party, Count 10 does state a claim upon which relief may be granted.

**ii.** **Counts 1, 2, and 3 should be dismissed because Plaintiffs have not adequately alleged that they are parties to the Well JOAs and C&O Agreement.**

Defendants next argue that complaint fails to state a claim upon which relief can be granted for Counts 1, 2, and 3 because Plaintiffs refer to the Well JOAs and C&O Agreement throughout the complaint, "[y]et, it is not readily apparent that any of the Plaintiffs are even a party to such agreements."  Doc. 33 at 7.  However, in the amended complaint the Plaintiffs clearly assert that they are either party to or the intended beneficiaries of the Well JOAs and C&O Agreement.  *See* Doc. 29 at 7, 8, 25.  Construing all facts in the light most favorable to the Plaintiffs, it is clear that, with respect to Counts 1, 2, and 3 and the Well JOAs and C&O Agreement, Plaintiffs state a claim to relief that is plausible on its face.  *See Brower*, 489 U.S. at 598, 109 S. Ct. at 1382; *see also Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

**iii.** **Count 4 should be dismissed because no general agreement, contract, or law grants Working Interest Owners, Royalty Interest Owners, and/or Overriding Interest Owners to Demand a full accounting from Defendant.**

Defendants next argue that Plaintiffs' cause of action for an accounting fails to state a claim upon which relief can be granted because there is no general agreement, contract, or law that grants Working Interest Owners, Royalty Interest Owners, and/or Overriding Interest Owners with a right

to demand a full accounting from Defendants.  *See* Doc. 34 at 16.  However, in the amended complaint, Plaintiffs clearly allege facts sufficient to support a conclusion that Plaintiffs are entitled to an accounting from Defendants.  *See* Doc. 29 at 8, 22.

Under Alabama law, a cause of action for accounting "states a case of equitable relief on facts showing a complicated nature of the account, or necessity for discovery of matters peculiarly within the knowledge of the respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof." *Jacksonville Pub. Serv. Corp. v. Profile Cotton Mills*, 180 So. 583, 585-86 (Ala. 1938); *see also Ingram v. People's Finance & Thrift Co.*, 146 So. 822, 823 (Ala. 1933) (stating the same).

Here, Plaintiffs allege that the Operator, Escambia Operating, pursuant to the Well JOAs and C&O Agreement,

> operates the properties on behalf of and for the benefit of the Working Interest Owners, who are then entitled to ownership of production from the Subject Wells and all proceeds from the sale thereof, less taxes and lease burdens such as royalties. The operator is entitled to reimbursement of operating costs that it incurs for the 'joint account' (i.e. for the Working Interest Owners' benefit), although the Operator's right to reimbursement is subject to compliance with strict accounting and billing procedures set forth in the Well JOAs and the C&O Agreement.  The Operator is under duties imposed by the agreements to conduct operations in a good and workmanlike manner and to keep each Working Interest Owner fully informed as to all matters of importance concerning operations.

Doc. 29 at 8.  Thus, Plaintiffs allege Escambia Operating is a fiduciary of Plaintiffs because Escambia Operating operates the properties for the benefit of Plaintiffs.  Plaintiffs also allege facts showing a complicated nature of the account, because the proceeds that Plaintiffs are entitled to are dependent on production and sales, and may be reduced due to taxes, lease burdens, and any reimbursements that may be owed to Escambia Operating.

Construing all facts in the light most favorable to the Plaintiffs, it is clear that, with respect to Count 4, Plaintiffs state a claim to relief that is plausible on its face.  *See Brower*, 489 U.S. at

598, 109 S. Ct. at 1382; *see also Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at

678, 129 S. Ct. at 1949.

### iv. <u>Counts 4, 5, and 6 should be dismissed because the complaint contains only a formulaic recitation of the elements.</u>

Defendants next argue that Plaintiffs' causes of action for an accounting, unjust

enrichment, and conversion should be dismissed because Plaintiffs have "failed to plead with

specificity" and have "provided a formulaic recitation of the elements . . .." Specifically,

Defendants argue that "Plaintiff states that [Defendants] [are] under a duty to account for proceeds

to the Plaintiffs, but [do] not discuss where this duty stems from[,]" that "Plaintiff has provided a

formulaic recitation of the elements of the cause of action of unjust enrichment, based solely upon

labels and conclusions[,]" and that, with respect to the claim for conversion, "this cause of action

asserts fraud, but fails to meet the heightened level of specificity pleading required for fraud

claims[.]" Doc. 31 at 17, 20; Doc. 32 at 7, 10, 12; Doc. 33 at 15, 16, 18; Doc. 34 at 18, 20. Count

6 requires analysis under a heightened pleading standard, thus the analysis for it is separate from

the analysis for Counts 4 and 5.

### a. <u>Counts 4 and 5</u>

As previously noted, Plaintiffs clearly allege facts sufficient to support a conclusion that

Plaintiffs are entitled to an accounting from Defendants.

Count 5 asserts a claim for unjust enrichment. Under Alabama law, "to succeed on a claim

of unjust enrichment, the plaintiff must show that the defendant holds money which, *in equity and

good conscience*, belongs to the plaintiff or holds money which was improperly paid to defendant

because of *mistake or fraud*." *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185,

1193 (Ala. 2008) (internal quotation marks omitted) (emphasis in original) (citing *Dickinson v.

Cosmos Broad. Co.*, 782 So. 2d 260, 266 (Ala. 2000).

Here, Plaintiffs do not allege fraud or mistake.  However, a review of the amended complaint reveals numerous factual allegations that, if true, support plausible claims for unjust enrichment on the basis that the Defendants hold money that, "in equity and good conscience" belongs to the Plaintiffs.  *See* Doc. 29 at 11-15, 22, 26-29, 30, 31, 33, 34, 36.

Construing all facts in the light most favorable to the Plaintiffs, they state a claim to relief that is plausible on its face with respect to Counts 4 and 5.  *See Brower*, 489 U.S. at 598, 109 S. Ct. at 1382; *see also Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

### b.  <u>Count 6</u>

As Defendants note, Plaintiffs embed a fraud claim in their conversion claim.  *See* Doc. 29 at 30.  "Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally."  *Iqbal*, 556 U.S. at 686, 129 S. Ct. at 1954.

> While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*Barber v. America's Wholesale Lender*, 542 F. App'x 832, 838 (11th Cir. 2013) (citing *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011)).

Plaintiffs have set forth numerous allegations that *may* support the fraud claim in their amended complaint.  *See* Doc. 29 at 11-15, 22, 26-29, 30, 31, 33, 34, 36.  However, Plaintiffs fail to state with particularity the specific allegations of fraud within the claim for conversion.  *See id.* at 30.  Nowhere in Count 6 do Plaintiffs precisely point to the time, place, or person who made the

statements or omissions amounting to fraud, or to which specific statements, actions, or omissions amounted to fraud.  *See id.* (finding that the complaint failed to meet the requirements of Rule 9(b) because the plaintiffs did not "precisely point to the time, place, or person who made the statement or omissions that led to their mistake."); *see also Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007) (characterizing the complaint as an extreme example of a "shotgun pleading" because the district court had to "wade through a great deal of extraneous material that addressed fraud in the . . . industry as a whole.").

Here, while there are numerous allegations that might support plaintiffs' fraud claim, it is not clear from reading Count 6 which allegations are applicable to the claim.  Therefore, Plaintiff fail to meet the heightened pleading standard required by Rule 9(b).  Accordingly, dismissal of Count 6 is appropriate.

Rule 15 allows a party to amend its pleading with leave of the court.  FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  Here, the Court finds justice requires leave for the Plaintiffs to amend their amended complaint with respect to Count 6 because, while there are allegations in the amended complaint that may support Plaintiffs fraud claim, they are not specifically listed under the fraud claim.  Plaintiffs are granted leave to amend the second amended complaint with respect to Count 6.

v.   **Counts 7 and 8 should be dismissed because violations of Ala. Code §§ 9-17-2, 9-17-11, and 9-17-33 do not provide a private right of action via citizen suit.**

Defendants also argue that Counts 7 and 8 should be dismissed for failure to state a claim upon which relief can be granted because Ala. Code §§ 9-17-2, 9-17-11, and 9-17-33 "do not provide a private right of action via citizen suit."  Doc. 31 at 22; Doc. 32 at 13; Doc. 33 at 19; Doc. 34 at 22.  Defendants again do not cite any legal authority in support of their argument.

Additionally, there is nothing in the statutory text that states there is no private right of action via citizen suit. On the contrary, as previously noted, the legislature has expressly provided:

> Nothing contained or authorized in this article and no civil action by or against the board and no penalties imposed or claimed against any person for violating any provision of this article or any rule, regulation or order issued under this article and no forfeiture shall impair or abridge or delay any cause of action for damages which any person may have or assert against any person violating any provision of this article or any rule, regulation, or order issued under this article. Any person so damaged by the violation may institute a civil action for and recover such damages as he may show that he is entitled to receive.

ALA. CODE § 9-17-19(a). Further, Count 8 of Plaintiffs amended complaint alleges a violation of Ala. Code § 9-17-33. *See* Doc. 29 at 32. Subsection (d) provides:

> Any first purchaser of production or operator and/or owner of the right to drill substituted for the first commercial purchaser as provided herein, that violates this section shall be liable to the persons legally entitled to the proceeds from production for the unpaid amount of the proceeds plus interest . . ..

ALA. CODE. § 9-17-33(d). Thus, it is clear from the statutory language that §§ 9-17-2, 9-17-11, and 9-17-33 expressly provide for a private right of action for violations of the same. Given that there is a private right of action for violations of §§ 9-17-2, 9-17-11, and construing all facts in the light most favorable to the Plaintiffs, they state a claim to relief that is plausible on its face with respect to Counts 7 and 8. *See Brower*, 489 U.S. at 598, 109 S. Ct. at 1382; *see also Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

<u>Conclusion</u>

Accordingly, for the reasons set forth in above, Defendants' motions to dismiss for failure to state a claim upon which relief can be granted are **GRANTED** with respect to Count 6 and **DENIED** with respect to the remaining counts. However, while the motion to dismiss is granted, the Court will provide Plaintiffs the opportunity to amend with respect to Count 6.

**C.  All of Plaintiffs' claims are due to be dismissed against all Defendants for failure to join a party under Fed. R. Civ. P. 19.**

Defendants argue that all of Plaintiffs' claims are due to be dismissed for failure to join alleged necessary parties OGB and Charles Callaway dba DAMSCO ("Callaway").  "District courts addressing a motion to dismiss under Rule 12(b)(7) and Rule 19 undergo a two-step inquiry. The first step is deciding whether an absent part is a 'required party' within the meaning of Rule 19." *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1303 (N.D. Ala. 2016).  Rule 19(a)(1) provides that a party is a required party and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the persons absence may:
>> (i) as a practical matter impair or impede the persons ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).  If the absent party is deemed a required party and can be joined without depriving the Court of subject matter jurisdiction, then the party must be joined.  *See id.*  If the required party cannot be feasibly joined, then the court must undergo a second step to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  Thus, the Court analyzes whether joinder of OGB and Callaway is necessary and/or feasible in turn.

**i.**    **Whether OGB is a required party and if so, whether joinder of OGB is feasible.**

Defendants argue that OGB is a required party because it is "the only entity that has the authority to grant the relief Plaintiffs seek . . .."  Doc. 33 at 8.  It is clear from the face of the amended complaint that OGB is not a required party with respect to Counts 1 through 9, and it appears that Defendants do not dispute that fact. *See* Doc. 38 at 12-13.  We must determine,

however, whether OGB is a required party with respect to Plaintiffs' request for removal of the operator in Count 10.

In Count 10, Plaintiffs seek the removal of Escambia Operating as the operator of the subject wells and BED plant. Doc. 29 at 36. Further, Plaintiffs request that Escambia Operating be replaced with a qualified replacement operator, or in the alternative, the Court appoint a qualified receiver to take over operations. *Id.* at 37. Defendants assert that the OGB is "the only entity with the authority to appoint and/or remove an Operator in the oil and gas context" and therefore, with respect to Count 10, Plaintiffs ask the Court to grant relief it does not have the power to grant. *Id.* The Alabama Code defines an "Operator" as "[t]he person who is **authorized by the board** to operate an oil, gas, or Class II injection well, or production facility, or processing facility . . ." ALA. CODE § 9-17-1 (emphasis added). Clearly the legislature explicitly granted the authority to appoint an operator to the OGB. Thus, OGB is a required party with respect to Count 10 because the Court cannot provide complete relief in its absence.

Next, because OGB is a required party, the Court must determine whether joinder of OGB is feasible. Defendants argue that joinder is not feasible because OGB is an arm or alter ego of the State, and therefore diversity jurisdiction fails. *See* Doc. 33 at 8. Plaintiffs, on the other hand, argue that in this case, "the Court's subject matter jurisdiction is based on CAFA" which "requires only 'minimal diversity,' meaning that diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a state different from any defendant.'" Doc. 35 at 27 (citing 28 U.S.C. § 1332(d)(2)(A)). Plaintiffs are correct. Jurisdiction in this case rests on CAFA, hence only minimal diversity is necessary and joinder of OGB would not destroy diversity for purposes of CAFA jurisdiction. Joinder of OGB is feasible.

**ii.    Whether Callaway dba DAMSCO is a required party and if so, whether joinder of Callaway is feasible.**

Defendants argue that Callaway is a necessary party because "the Court cannot get to the truth of the issues presented by both Plaintiffs and Defendants, and accord complete relief to all parties involved, in the absence of Charles Callaway dba DAMSCO and the information in his sole possession."  Doc. 33 at 11.  "[T]he burden is on the movant to show the necessity of the relevant party and the nature of the interests that will be unprotected in the party's absence." *Muscogee Nation*, 525 F. Supp. 3d at 1365 (citing *W. Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995)).  Defendants make various accusations regarding Callaway, yet provide no factual basis to support these allegations.  Taking the allegations in the complaint as true, Callaway is not a necessary party.  Rather, Defendants' assertions regarding Callaway appear to be more appropriately brought under Fed. R. Civ. P. 14 and are irrelevant in the context of a challenge to Plaintiffs' claims.

Accordingly, Defendants' motions to dismiss for failure to join a party under Fed. R. Civ. P. 19 are **DENIED**.

**D.  All of Plaintiffs' claims against Blue Diamond and Swarek are due to be dismissed for insufficient process and improper service of process.**

Defendants Blue Diamond and Swarek argue that all claims against them are due to be dismissed due to lack of personal jurisdiction over them as a result of insufficient process and improper service of process.  *See* Doc. 31 at 7; Doc. 34 at 6.  First, Defendants argue that Plaintiffs' attorney attempted to serve Blue Diamond and Swarek in-person at the same time, but only delivered one copy of the complaint.  Doc. 31 at 8; Doc. 34 at 7.  Second, Defendants argue that service by an adverse party's attorney is insufficient under Alabama law.  Doc. 31 at 9 (citing ALA.

R. CIV. P. 4.1(b)(2)); Doc. 34 at 7.  Third, Blue Diamond argues that service was improper because Swarek is not Blue Diamond's authorized agent to receive service of process.

Plaintiffs counter that, while the summons served on Swarek was addressed to him personally and he only received one copy, "Plaintiffs also served a summons and copy of the Complaint upon Blue Diamond's registered agent, Michael Booth."  Doc. 35 at 29-30 (emphasis omitted).  Plaintiffs correctly assert that Defendants have not challenged service on the registered agent.  *See* Doc. 35 at 30.  Thus, because both Swarek and Blue Diamond's registered agent were served a summons and copy of the complaint, process was sufficient as to both Defendants.  Additionally, Defendant's argument that Swarek is not Blue Diamond's authorized agent to receive service of process is moot because Plaintiffs served Blue Diamond's authorized agent, Michael Booth.  *See id.*

With respect to Defendant's argument that service by Plaintiffs' attorney was improper, Plaintiffs argue that Fed. R. Civ. P. Rule 4(e)(2) authorizes service by personal delivery to an individual, and Fed. R. Civ. P. Rule 4(h)(1)(B) authorizes service by personal delivery to an officer of a corporation.  Doc. 35 at 29.  Further, Plaintiffs argue that under the federal rules, service by an adverse party's attorney is authorized.  *Id.* at 28-29 (citing *Richards v. City of E. Point*, Civ. Act. No. 1:16-CV-472-TWT, 2016 WL 4439881, *2, 2016 U.S. Dist. LEXIS 111968 (N.D. Ga. 2016); *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 51-52 (N.D. Ill. 1989); *Commodity Fut. Trad. Cm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 186 (D. N.J. 1988)).  Plaintiffs are correct.  Because service was proper under Fed. R. Civ. P. 4(e)(2) and 4(h)(1)(B), whether service was proper under Alabama law is irrelevant.  Accordingly, Swarek and Blue Diamond's motions to dismiss for insufficient process and improper service of process are **DENIED**.

## IV.   CONCLUSION

Accordingly, Defendants' motions to dismiss (Docs. 31, 32, 33, and 34) are **GRANTED** with respect to Count 6 as set forth above and **DENIED** with respect to all remaining counts. However, Plaintiffs are granted leave to amend their complaint with respect to Count 6[12] on or before **February 22, 2023**.

**DONE** and **ORDERED** this 3rd day of February, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[12] Leave to amend is only granted with respect to Count 6.  Should Plaintiffs seek to amend any other aspect of the amended complaint, they must file a motion for the Court's consideration. While the Plaintiffs are only granted leave to amend with respect to Count 6, the Court reminds them that the second amended complaint would be a standalone document that completely supplants the amended complaint.  *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").